## HUGH HENRY *vs.* PTOLEMY EDSON, *et al.*

WINDHAM,
February,
1830.

That listers are liable to an action on the case for setting the property of the plaintiff in the list against him in the town where he does not live, and where the property is not liable to be put in list ; the plaintiff having been compelled to pay taxes in consequence of such enlistment.

That *case* is the proper action, and not *trespass,*

This was an action *on the case,* against the defendants, complaining of their proceedings as listers of the town of *Chester,* in 1823. The first count of the declaration set forth, that the plaintiff was not an inhabitant of said *Chester,* and had no property there liable to be taxed, other than what he had given into the list ; that the defendants, well knowing the premises, under color of law, set other property to him in the list, stating what, &c.; and, that sundry taxes had been assessed upon the list, by the defendants returned to the town clerk, rate-bills made out, and warrants, which had been delivered to the collectors, who, by virtue thereof, had imprisoned the plaintiff a long time, to wit, five hours, until he paid said taxes, amounting in the whole to the sum of —— dollars. The several taxes were particularly stated.

The second count stated, that the defendants, not regarding their duty, but contriving to cause money to be extorted from the plaintiff, under color of law, and to cause him to be unreasonably vexed, harrassed, arrested and imprisoned, did illegally, arbitrarily, and without any probable cause, cause plaintiff to be set in the list at $2978 when he was not liable to be taxed for the same property in *Chester* ; all which the defendants well knew. It then stated the taxes, &c., as in the first count.

There was a third count upon which no testimony was given.

At the trial in the county court on the *general issue,* the plaintiff proved he was arrested and detained by *Alexander Leland,* collector of taxes in the town of *Chester,* on the warrants and rate-bills, until he paid the taxes and costs mentioned in the two first counts in his declaration ; but gave no evidence on the third count.

WINDHAM,
*February,*
1830.

Henry
*vs.*
Edson et al.

The plaintiff also adduced evidence tending to prove the other facts mentioned in the two first counts ; and the defendants gave evidence tending to disprove the same.

The counsel for the defendants insisted they were not liable to any action for an error in making up the grand list, unless express malice was proved ; and they requested the court to charge the jury accordingly.   The counsel also insisted, that if any action would lie, trespass was the proper remedy.   The court refused to charge as requested, but did charge the jury, that the action on the case was the proper remedy, and that the defendants were liable in this form of action for manifest errors in making up the grand list ; that it was not necessary for the plaintiff to prove express malice to entitle him to recover, but that the defendants would not be liable if they had good reason to believe, at the time they made the list, that the plaintiff did not intend permanently to change his residence, and acted with reasonable discretion and impartiality.

The jury were not instructed that it was necessary for the plaintiff to prove want of probable cause, nor was the court so requested to instruct them.   A verdict was returned for the plaintiff.   The defendants excepted, &c., and also filed a motion in arrest of judgement, which was overruled by the court ; and on motion of the defendants the whole cause was ordered to the Supreme Court for their revision.

*The defendants' counsel contended,*  1.  That the office of listers is judicial, and that no action will lie against them for any error in judgment in making up the list.    They are obliged to decide upon questions of fact and law.   The residence, the age, the exemptions, the equipments, &c. are to be ascertained and adjudged of by the listers.   There may be strong cases, and there may be those that are doubtful.   The person enlisted may have resided long in town, or he may have recently removed from town, or pretended to remove, as in this case or, he may never have resided there, and yet have property there.

It is no objection, that the parties are not heard or, witnesses sworn.  It is a proceeding under a law that does not require it, and their proceedings must be *ex parte.*   Again, if the listers are liable for listing a person who ought not to be enlisted, they are liable also for omissions to every person in town whose taxes are increased by such omissions.   In this case, the listers were under the necessity of determining both the question of residence and the question of property.   No authorities are necessary to show that judicial officers are not liable for any of their judicial acts, and none can be expected out of this state, applying the principle in

terms to listers. But the following are analogous.—*Beach* and
*Saunders* vs. *Fire-men*, 9 *John. Rep.* 229—and *Freeman* vs.
*Cranch*, 10 *John. Rep.* 270.—*N. Y. Stat. vol.* 1, *p.* 588, *High-
way Act.*—See also, *Harmon* vs. *Tappan et al.*, 1 *East.* 555, &
note on *p.* 556.—*Jenkins et al.* vs. *Waldron*, 11 *John. Rep.* 114.
—*Wheeler* vs. *Patterson*, 1 *N. H. Rep.* 88.

WINDHAM,
*February,*
1830.

Henry
*vs.*
Edson et al.

The party is not without his remedy, sometimes by appeal,
and sometimes by *certiorari*. The consequences to the defend-
ants are worthy of consideration. The plaintiff complains, that,
in consequence of defendants' conduct, he has been compelled to
pay money to the town ; and now asks to recover it of the de-
fendants. But the defendants would have no remedy. If any
action can be maintained, it should be for money had and received
against the town.

2. That malice express and the want of probable cause must
be charged and proved, or the plaintiff cannot recover. This is
not alleged in the first count ; and the charge of the court made
it unnecessary to be proved in the second count. The listers are
public officers under oath and bound to act, and cannot be liable
to an action when they act without malice.

3. That the action should have been *trespass* and not *case*.
The injury complained of was immediate and direct : that plain-
tiff was arrested, imprisoned, and compelled to pay money. No
injury resulted from the mere act of making the list. It resulted
from the arrest and imprisonment.—6 *Term. Rep.* 648, *Day* vs.
*Edwards.*—11 *Mass. Rep.* 220, *Agry* vs. *Young et al.*—*Fred-
eric Ware* vs. *The Assessors in Pomfret, Windsor Co.*—*Alex-
ander* vs. *Wilmarth, in Windham Co.*

*The Plaintiff's counsel in reply.*—The first count admits that
the plaintiff was liable to be listed for certain property owned by
him in *Chester ;* but alleges, and the jury must have found, that
the defendants set in his list property, which he was not liable to
have enlisted in that town. They assessed him for money due
on interest ; and that must be in the town where he lives. He
has a right to a hearing upon that subject.

The objections presented by the case are, 1, That defendants
are not liable for *any* error in making up the grand list. 2. That,
if liable, the action should be *trespass* and not *case*. 3. That, if
case is the remedy, they are not liable unless *express* malice is
proved.

As to the first point, it is believed to need no argument, that in free
governments there are no *inferior* officers, judicial or ministerial, but
what are liable for *some* errors ; and, if listers can insert persons'

WINDHAM,
February,
1830.

Henry
vs
Edson et al.

and property without limit, there would be an enormous injury without a remedy. When, therefore, an injury is done, there must be a remedy against somebody.—10 *Co.* 76.—11 *Mass.* 350.—13 *Id.* 282.—5 *Id.* 558. If, therefore, a person is listed in a case where by law he ought not to be, the remedy must be against the listers; for, the wrong was caused by them, and they derive a profit from it, *(Stat.* 391, *s.* 12,) and can, in cases of the present kind, be brought against no one else. It cannot be brought against selectmen or collector, if the *tax* is legally granted. Not against selectmen, because they are bound to make the rates upon the lists returned.—(*Stat. p.* 400, *s.* 2, *p.* 414, *s.* 14.) Nor against collector, who is justified by his warrant.— (*Stat.* 406, *s.* 10.) So that the party would be remediless, there being no appeal.

As to the second point, the injury is consequential; which is the true destinction.—2 *N. R.* 447, *in notes.* The making of the list does not necessarily imply a collection. No tax may be raised for that year. The listers neither raise, *assess,* nor *order* it to be collected. They are concerned in no act, which operates *directly* on the party. They merely furnish a rule by their list and valuation, which being erroneous operates a consequential injury. It is no objection to this, that in *England* and *Massachusetts* the action has been trespass; for there, the commissioners and assessors not only make the list or valuation, but they also make the rate or tax bill and warrant. So that the *whole injury* comes directly from them.—1 *White's Dig.* 126–127. But, if *trespass* is maintainable *there* for other causes than the illegality of the tax, and especially for erroneous valuation, it is good authority for bringing case here. To shew that such is the case, the plaintiff refers to 3 *Mass.* 419.—*Id.* 277, & 5 *Mass.* 558, *S. C.*—3 *Id.* 429.—8 *Mass.* 93.—10 *Mass.* 119.—1 *H. Black.* 68.—2 *T. R.* 374.—4 *T. R.* 2.—*Id.* 4.—8 *T. R.* 468.—13 *Johns.* 444. —*Swift's Ev. appendix,* 359.

As to the third point, the objection is, that the judge would not charge that *express* malice was necessary to be proved. But, even in cases where malice is necessary, it is not required that it should be *express.*—*Drew* vs. *Coulton,* 1 *East.* 564, *n.* In that case implied malice would have been deemed sufficient.

But, in the present case, it was not necessary to be proved. The declaration charges that the plaintiff was not an inhabitant of *Chester,* and his property not liable; and so it was found by the jury. The listers had no jurisdiction of the subject matter. Listers are to put up a warning for inhabitants of towns to bring a list of property *possessed by* them on a given day.—*Stat.* 390, *s.* 9.

WINDHAM,
*February,*
1830.

Henry
*vs.*
Edson et al.

Property in *possession of tenants* is to be put to the list of tenant, with the name of the owner, and the *property* holden.—*Stat.p.* 388, *s.* 4, *p.* 393, *no.* 4. Lands are to be put in the list of towns where they lie.—*p.* 396, *s.* 4. For studs and jackasses *owned out of town,* there is a special provision.—*p.* 388, *s.* 3. All other property to be put in the list of owner.—*p.* 393, *no.* 4. From these clauses it results, that personal property in possession of the owner, and not of the tenant, must be put in the list of owner in the town where he inhabits; so that listers could have no jurisdiction of property of an inhabitant of another town possessed by him. If it were otherwise, and property were to be put in the list of the town where it happened to be, still it would not help the defendants: for the case finds that the property was not liable unless in consequence of habitancy. It was also found that he was not an inhabitant. So that, in this view, the poll and property (being the subject matter) was not within the jurisdiction of the listers.

But if malice was necessary to be proved, it was so proved, as appears by the verdict: for implied malice was sufficient, *ut supra.* The declaration charges that it was done, intending to injure, without just or reasonable cause, and under color of law.—1 *East,* 564. And the defendants knew he was not liable. So too, the judge charged the jury, that if defendants had even reason to believe him an inhabitant who intended to return; that, if they exercised reasonable discretion; that, if they were impartial, the defendants were entitled to a verdict. If the court think it necessary to examine the cases of malice, the plaintiff refers to 2 *Mass.* 243, *compared with* 11 *Mass.* 353, &c.—10 *Id.* 118, 119.—5 *Id.* 558.

The motion in arrest presents no other questions than those contained in the exceptions.

The opinion of the Court was pronounced by

HUTCHINSON, J. This cause has been argued upon the exceptions, taken and allowed in the county court; also upon a motion in arrest, there overruled. Both centre in one general question, whether this action can be maintained under all its circumstances. And the charge of the court in reference to the kind of action, and the point of malice, present the same questions as the motion in arrest.

We are led to consider the duty and liability of listers, so far as now called in question. It is their duty to collect the lists of the ratable inhabitants, and put the same into one grand list, including all the polls of persons residing in town, liable to be rated; and all the property for which rates are to be paid. They are to

WINDHAM,
February,
1830.

Henry
vs.
Edson et al.

make assessments of mechanics and professional men, millers, mer-chants, &c. and add such assessment to the list. When they have completed the grand list, they are to return it to the town clerk, and there it remains to be used in making up all rate bills for the year. In all cases of discretionary assessments, an appeal is given by the statute to the selectmen and civil authority. With regard to the list upon items of property in general, it must stand as the listers place it, and be a guide for the select-men in the year's taxation. They are not obliged to proceed till they are in difficulty, in doubtful cases ; and very few cases arise about the ownership of property to embarrass the listers. In the discretion-ary assessments their proceedings are in a measure judicial ; and the remedy for any error in their judgement, is by appeal as be-fore mentioned.

If they enlist a man who is not liable to enlistment in that town, or put into the list property clearly not taxable, they do it upon their own responsibility, and are liable for the injury any person may sustain by it. And, in such a case, there need be no alle-gation, nor proof, of malice, nor want of probable cause. It is a wrongful act, and they, who do it, must bear the consequence. The person injured must not be left without remedy. The ca-ses, in which malice and the want of probable cause must be shown, are of a different character. They are cases where legal process is used, which repels all presumption of wrong, and is it-self a shield to those who use it, till malice and the want of prob-able cause are shown.

With regard to the residence of the plaintiff, it appears, that he had lately removed from *Chester* to *Rockingham*; and the lis-ters chose to treat him as being still an inhabitant of *Chester*.— The verdict of the Jury has settled that question. The charge of the court was very favorable to the defendants upon this point. The charge was, that the defendants would not be liable, if they, at the time they made the list, acted with reasonable discretion and impartiality, and had good reason to believe, that the plaintiff did not intend to permanently change his residence. Had the verdict been in favor of the defendants, the plaintiff might, with some plausibility, have excepted to this charge. But a verdict for the plaintiff, after this charge, fully establishes the plaintiff's residence in *Rockingham*. This settles the point, that he was not liable to be enlisted as of *Chester*. He was obliged, by law, to give in his list in *Rockingham* ; and, if he neglected it, was liable to be twofolded there.

If the defendants have done that, as listers, which renders

Windham,
February,
1830.

Henry
vs.
Edson et al.

them liable to the plaintiff, are they liable to this action of the case, or should the action be trespass?

There is no reason, in this state, for any distinction between the two actions ; yet it is observed as it comes to us in the books ; and we must treat it as a part of the law. Yet, in a case where the distinction is but a doubtful shade, I would not drive the party round to another action.

The legal distinction leads to this inquiry, merely : was the injury complained of direct and immediate, or only consequential ? If the former, the action should be trespass : If the latter, this action is correctly brought.

If A roll a rock into the highway, and it injures B, by striking him or his property, B has his action against A to recover his damages ; but it must be an action of trespass, for the injury is direct ; and it makes no difference whether the rock hits B, at the first bound, or bounds fifty times before it hits. But, if A roll the rock into the same place when B is not there, and B afterwards passes, and sustains such an injury from this rock, that any action will lie against A, it must be an action on the case ; because the injury is not direct, but consequential.

The defendants have cited the case of *Frederic Ware* vs. *Smith* and *Conant*, once decided in *Windsor* county. There *Smith* and *Conant* were not the listers to make out the grand list, but the committee who made up a rate bill for a society tax, to pay their minister, and procured a warrant for its collection, and delivered both to the collector, who took the plaintiff's property. The plaintiff brought his action of trespass against *Smith* and *Conant*, and he recovered, because he was not liable to the tax, not being a member of the society ; and *Smith* and *Conant*, by putting his name into the rate bill and attaching the warrant, did the first wrongful act, and made it the duty of the collector to do what his precept commanded. The doings of *Smith* and *Conant* acted directly upon *Ware*, and the collector, coming in to aid the motion of the injurious weapons they aimed at *Ware*, did not change the nature of their liability. They might well be said to have committed the trespass which they caused the collector to commit upon *Ware*.

The defendants cite also the case of *Alexander* vs. *Wilmarth*, in this county. *Wilmarth*, acting as a justice of the peace, had issued an execution against *Alexander*, by which he had been pursued in his person, or property. He brought his action, relying upon showing *Wilmarth* not to be in office at the time he issued the execution. It was decided that trespass was the proper action. Though the officer went with the execution, yet

WINDHAM,
February,
1830.

Henry
vs.
Edson et al.

*Wilmarth* gave the impetus which kept it moving, till it hit *Alexander*, as he complained. The plaintiff's action failed, however, in that case, it appearing that *Wilmarth* was in office at the time. If, in the case before us, the selectmen, who made out the rate bills, and procured the warrants, had done the wrong so as to be liable at all to the plaintiff, the action against them must have been trespass. Their wrong proceedings would have acted, through the agency of the collector, directly upon the plaintiff, and occasioned the injury of which he complains. And the tendency of this wrong to the injury of the plaintiff would have been of no uncertain character. It would have made the duty of the collector imperative ; and that, if performed, must have injured the plaintiff. But, as it was, the selectmen had a plain duty to perform. When the treasurer's warrant was presented, and the town had voted their regular taxes, the selectmen would have been culpable, not to have made out rate bills for the state and town and school taxes, and delivered the same to the collector for collection ; and they must have made them on such a grand list as the listers had returned to the Town Clerk. If any of the persons enlisted had moved out of town, the selectmen could have taken no notice of that. Every man must be listed in the town where he lives at the time of taking the list, and must pay the taxes assessed upon that list, let him live where he may. The listers, then, have done all the wrong. They have made it the duty of the selectmen to do just as they have done ; *that* made it the duty of the collector to do as he has done : and the result is, that the plaintiff has been compelled to pay a large sum of money, and this compulsion all originated in the wrongful proceedings of the defendants. Still, the question remains, was the injury to the plaintiff immediate and direct, or merely consequential ?

While the rock lay in the highway, in the case above stated, it was at rest and could hurt no persons, till they should come along, and it was not certain they ever would come. But, when B came and was injured, case was the proper remedy against the person who placed the rock there. So, when the defendants had made out the grand list, and put the plaintiff into the same wrongfully, and lodged the same with the town clerk, it rested there, and would injure no persons, till they should come where it was, and it should be used in making up rate-bills. It was not certain that any persons would thus come along ; that any rate-bills would be made from it. And when taxes were laid, and it became the duty of the selectmen to make out rate-bills, the indirect consequence of the defendants' listing the plaintiff was, that it occasioned the selectmen and collector, with perfect innocence on their

Windham,
February,
1830.

Henry
vs
Edson et al.

part, to inflict an injury upon the plaintiff. Even if the select-men and collector were bound to notice who lived in town at the time of taking the list, (which we would not even intimate) that would make no difference in this case, for the plaintiff owned property in *Chester* liable to be taxed, and gave in his list of the same : and it is for the insertion of other property not liable to be taxed that the plaintiff now complains.

The defendants' counsel have urged the hardship that the defendants should be liable to the plaintiff, when the money collected of him has been paid to the town ; also, that the action should be brought against the town ; the action for money had and received. These suggestions may be noticed in conjunction. 1. The law gives a remedy to the party injured, whether the party injuring has gained or lost by the transaction. 2. If the town are liable at all, it could only be for the money by them received and retained, unless they had neglected to retain the part due to the state, after notice of the plaintiff's claim. If there are two-folds as there may be, and as it is said there were in this case, the listers have a share which never goes to the town. For this the listers only could be liable to the plaintiff in any event whatever. Besides, we know of no law to prevent the plaintiff's calling directly upon those, who have done the injury, without regard to the question, whether the money is in their possession, or has gone to the various objects for which the several taxes were assessed.

The Court consider that the defendants are liable upon such facts as the jury must have found, and that case is the proper remedy ; and, therefore, the judgement of the county court must be affirmed.

*Bradley* and *Kellogg*, for the plaintiff.

*Everett* and *J. P. Williams*, for the defendants.