WINDHAM,
*February,*
1841.

Howard
*v.*
Shumway
*et al.*

---

JARED HOWARD *v.* NATHANIEL A. SHUMWAY, ALPHEUS KELLOGG, AND GEORGE PARSONS.

It is the duty of the listers, under the twelfth section of the act of 1825, to make a list of all property by them appraised, or assessed at a given rate, with all other assessments by them made, and lodge the same with the town clerk, by the 20th June, in each year; and it was held that this duty extended to the cases of assessments as *two-folds,* as well as others.

The listers of a town are liable, in an action on the case, for a neglect of duty, whereby a person is improperly assessed, and compelled to pay taxes in consequence of such assessment.

TRESPASS on the case, against the defendants for illegally assessing and adding to the plaintiff's list of 1836, the sum of sixty-five dollars, for two-folds, the defendants being then

listers of the town of Jamaica, by reason of which illegal assessment the plaintiff had suffered damage by being compelled to pay taxes on such list.

The defendants pleaded not guilty and a special plea in bar. The plaintiff demurred to the special plea, and the defendants joined in the demurrer.

The substance of that part of the special plea upon which the case was decided, sufficiently appears from the opinion of the court.

The county court decided that the special plea was sufficient and rendered judgment for the defendants to recover their costs, and the plaintiff excepted to the decision.

*Wm. C. Bradley*, for plaintiff contended, that, by the listing act, the assessments of two-folds were to be made at the discretion of the listers. Compiled Laws, vol.2, p. 74, or Revised Laws, p. 541.

That a list of all such assessments was directed by law to be lodged by them with the town clerk, on or before the 20th day of June, in the year in which the list of the town was made, " for the perusal and inspection of the persons so assessed." Comp. Laws, vol. 2, 75, or Rev. Laws, p.542, §12.

That in assessing the plaintiff and putting him in the list of the town as two-folded, without giving him notice thereof by lodging such list, was contrary to law and made the defendants liable.

And that they were liable in this form of action. *Henry v. Edson*, 2 Vt. R. 499.

*A. Keyes*, for defendant.

The question raised by the demurrer is, ought the list, lodged by the listers in town clerk's office, on the 20th June, to contain the two-folds.

1. The statute does not expressly require it, nor can the duty be raised by a fair construction of any section.

2. The assessments mentioned in sec. 12, do not include two-folds ;

Because the relief spoken of is inapplicable to two-folds, as to the nature of the relief and as to the time.

Because two-folds, in the same section, have a separate provision.

WINDHAM,
*February,*
1841.

Howard
*v.*
Shumway
*et al.*

3. The list need not contain two-folds, for notice ;

Because they can only be imposed through the persons neglect, of which he *needs* no notice.

Because they can be ascertained from the completed list in the listers hands, in October, as well as the error named in sec. 8, and the time of hearing the relief is not restricted.

Because if the two-folds are legally assessed, no hearing is intended to be given by the statute, but the penalty must attach.

Because if the two-folds are illegal, the party has an ample remedy by action and the cumulative remedy of the evil from the selectmen, if he examines the list in season.

The opinion of the court was delivered by

BENNETT, J.—The plea in bar, among other things, alleges that the defendants, being listers, &c., on the 10th day of September, 1836, set in the general list of the town the list of the plaintiff, and then and there added his two-fold, and on the 10th day of the December following delivered the grand list of the town to the town clerk. There is no averment in the plea that the defendants lodged the list of this plaintiff with the town clerk, on or before the 20th of June, or at any other time, for his inspection, and the important question on these pleadings is, was this duty imposed upon them ? By the seventh section of the listing act of 1825, it is made the duty of the listers, on or before the tenth of April, to post up notifications, notifying the inhabitants to give in their lists by the first of May following, upon pain of being two-folded, in the discretion of the listers. Upon the neglect of any one to give in his list, on or before the first of May, in case due notice has been given, the right accrues to the listers to make out the list of such person subject to a two-fold. By the twelfth section it is made the duty of the listers to make a list of all the property by them appraised, or assessed, at a certain rate, *per cent.*, with all other assessments by them made, and lodge the same with the town clerk by the twentieth day of June, for the inspection of the persons assessed. By the same section, the selectmen are constituted a board of relief, and may (except in the case of money on hand, debts due, and bank and insurance stock,) on application made to them, reduce the assessments of the persons apply-

ing to such sums as will, in their opinion, be in due proportion to the assessments of the other inhabitants of the town, as made by the listers, and the assessments so made by the selectmen shall be accepted by the listers and the lists made up accordingly, provided they shall be certified by the selectmen and returned to the town clerk before the twentieth of August. The same section also provides that the selectmen shall, in like manner, have power, on application made to them, to grant reasonable relief where two-folds shall be illegally assessed or imposed. Unless the lists upon which the two-folds were to be assessed or added, were, in common with the other lists of the town, returned to the town clerk, no relief in such case could be granted by the selectmen. There is as much reason that the inhabitants, who subject themselves to two-folds, by their omission to give in their lists by the time required, should have an opportunity to apply to the selectmen for relief, as in other cases, and especially as the listers have a personal interest in the two-folds. The selectmen have no power to grant relief after the twentieth of August, in any case whatever, as the assessments, as corrected by the selectmen, must by that time be certified and returned to the town clerk. By the fourteenth section the listers are to inspect the list of the town in the month of September, and add thereto such two-folds as are allowed by law. This is to be done as they then find the assessments, as corrected by the selectmen. This section seems to presuppose that such lists have been previously returned.

We also find, by the eighth section, that when property is placed in a person's list by mistake, which he was not bound to given in, or in case he shall be two-folded on any such property, and the listers shall, in such case, refuse to grant relief, he may appeal to the selectmen. It is evident, we think, from an examination of all the provisions of the statute, that the legislature intended to permit those who had subjected themselves to two-folds on their assessments or lists, to have the same right to apply for relief as is provided in other cases. The reason is the same. To secure them in this right, the assessments, as made by the listers, in such cases as well as in others, must be returned to the town clerk by the twentieth of June, for the inspection of the persons in interest.

No question has been raised in regard to the defendants' liability in this form of action, provided it should be found that they had been guilty of a neglect of duty. In the case of *Henry* v. *Edson et al.*, 2 Vt. R. 449, it was decided that listers were liable in an action on the case for improperly setting property in the list, whereby the plaintiff had been compelled to pay taxes on it.

The result must be that the defendants' plea in bar is insufficient, and the judgment of the county court is reversed.