#### FOR THE

## COUNTY OF CALEDONIA.

### MAY TERM, 1848.

———————

#### PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE,
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. CHARLES DAVIS,

———————

TIMOTHY P. FULLER *v.* DANIEL GOULD AND MILTON FISHER.

Where there are three listers of a town, and two, without the concurrence of the third, have done any act, which, if done by all, would subject them to damages, the two may be held responsible therefor, if the matter be alleged in proper form.

When an appeal to the selectmen is taken from the assessment, by the listers, for money on hand, debts due, &c., the effect is to suspend the power of the listers to act upon the subject.

Where an assessment has been made by the board of listers, upon full hearing, *quære*, whether one of the listers, even with the consent of another, has power to vacate the assessment.

Where the listers of a town made an assessment for money on hand and debts due, upon full hearing, and the person assessed appealed to the selectmen, and then one of the listers, with the consent of another, went with the person assessed to the town clerk's office and entered upon the

list, that the assessment was vacated, and, at the meeting of the selectmen, one of the listers informed the selectmen, that the assessment had been vacated, and so no action was had by the selectmen upon the matter, and the person assessed did not attend before them, it was held, that it was competent for the listers to treat the entry upon the list, that the assessment was vacated, as an error, and restore the assessment as it stood originally.

Listers, in making assessments for money on hand, debts due, &c., act upon their best discretion and judgment; and, when they have jurisdiction of the person and subject matter, they are not responsible for any error of judgment; an action cannot be sustained against them, for assessing a person for money on hand, when he had none, unless it appear, that they were actuated by malice, or corruption.

TRESPASS ON THE CASE against the defendants, as two of the listers of the town of Cabot for the year 1845; and the plaintiff alleged, in his declaration, that the defendants wrongfully assessed him, in the grand list of the town for that year, the sum of twelve hundred dollars for money on hand and debts due, well knowing, that the plaintiff was not liable to be assessed for said sum,—whereby the plaintiff had been subjected to the payment of considerable sums for state, school, town and highway taxes, on the list of that year. Plea, the general issue, and trial by jury, June Term, 1847,—DAVIS, J., presiding.

On trial it was conceded, that the defendants, together with Thomas Lyford, junior, were duly elected listers of Cabot, at the annual town meeting in March, 1845; and the plaintiff gave in evidence the grand list of the town, signed by the listers, which was left with the town clerk June 10, 1845, and which contained a notice, that the listers would meet at a specified place on the eighth day of July, 1845, to hear objections to assessments, &c.; and the plaintiff was assessed, on the list, as alleged in his declaration. The plaintiff also gave evidence tending to prove, that on the eighth of July he was present at the place of meeting, and claimed that the assessment against him should be vacated, or abated, for the reason, that he had neither $1200, nor any other sum, on hand, or due, beyond his indebtedness, but failed to convince the listers, that the assessment should be vacated; that between the 10th and 15th of August the plaintiff gave notice to Lyford, that he had taken an appeal to the selectmen of the town, from the decision of the listers,

as provided by statute; that Lyford informed the other listers, that an appeal had been taken, and that the listers thén agreed, that, in consequence of the appeal, they had no longer the power, or right, to alter the assessment; that soon afterwards, however, upon the representations of the plaintiff, accompanied by affidavits, that he had invested about $2700 in real estate in Maine, the listers, or at least two of them, came to the conclusion, that the assessment ought to be vacated; that the plaintiff urged the listers to dispose of the case, for the reason that he was obliged to go out of town before the meeting of the selectmen; that accordingly, a day or two previous to the meeting of the selectmen, Lyford, with the consent of one of the other listers, repaired, with the plaintiff, to the town clerk's office, and the plaintiff, by direction of Lyford, wrote upon the list, in the space allotted to the plaintiff's list, and near the figures $1200, the words " this assessment vacated;" that the selectmen met, about the 14th of August, to hear appeals, and the plaintiff did not appear before them to prosecute his appeal, and one of the listers informed the selectmen, that the case had been disposed of by vacating the assessment; that the list remained in this condition until September 27th, when the listers erased the words written upon the list by the plaintiff in the presence of Lyford; and that this was done in consequence of Gould's declaring himself satisfied, that they had no right to vacate the assessment, and Fisher's expressing himself opposed to vacating it, and refusing to sign the list, unless the words written upon it by the plaintiff were erased;—and there was no evidence, that the listers ever gave notice to the plaintiff, that they had thus restored the assessment. It appeared, that the plaintiff's property had been distrained and sold to satisfy the taxes assessed against him, upon that list.

The court instructed the jury, that this evidence, although believed, was insufficient to sustain this suit.

Verdict for defendants. Exceptions by plaintiff.

*Bartlet & Fuller* and *A. Underwood* for plaintiff.

By section seventeen of the statute of 1841 it is provided, that the listers, after depositing the list in the town clerk's office, have power to alter, amend, or reduce, the assessment of any person, on hearing proof, &c., and that the assessment so made *shall be taken to be the*

*assessment of such person.* It is insisted, that this section is not re-pealed by the statute of 1842, but that by the two statutes two boards of relief are constituted, and a party feeling aggrieved may apply to either, and the acts of either in the matter are conclusive. The listers having exercised the power given them by the statute of 1841, it will hardly do for them to say, that they did it without authority, and that therefore they are not liable. It can make no difference, that the plaintiff appealed to the selectmen; he might waive his ap-peal, as he did, and apply to the listers themselves, who were author-ized by the statute of 1841 to act in the matter; and as they did act,—which possibly they might have declined doing, on account of the appeal,—it is insisted, that their act determined the question as to the plaintiff's assessment, and that they had no more right to re-store it in September, than if it had never been made. They might as well have added *two fold* in September, as to restore an assess-ment, which they had previously vacated. *Howard* v. *Shumway*, 13 Vt. 358. The case of *Blood* v. *Sayre*, 17 Vt. 609, is no author-ity against this position.

This act of the listers cannot be regarded as coming within their power conferred by section 18 of the statute of 1841, authorizing them to correct errors, &c. To hold the listers blameless for re-storing the assessment in September, after they had vacated it in August, and that without notice, and after the expiration of the time for taking an appeal to the selectmen, would seem inconsistent with the principles adopted in this state with regard to taxation; and it is difficult to see, how they should escape on the ground, (if true,) that they acted beyond their jurisdiction, and did what they had no right to do. *Henry* v. *Edson et al.*, 2 Vt. 499. *Henry* v. *Chester*, 15 Vt. 460.

*G. W. Stone* and *Peck & Colby* for defendants.

1. The declaration counts solely upon an assessment of the plain-tiff in the sum of $1200 for money on hand and debts due, when in fact he had neither. Upon this subject no proof was given; and hence, as the case stands, the assessment is to be deemed correct in amount; and without such proof, the declaration is not sustained. And it is equally certain, that if that proposition were proved, the listers are not liable; for in making assessments their duties are

judicial, and the only remedy for an erroneous judgment is by appeal. Acts of 1842, p. 7, § 13. *Henry* v. *Edson et al.,* 2 Vt. 504. *Blood* v. *Sayre,* 17 Ib. 612. *Preston* v. *Boston,* 12 Pick. 12. *Osborn* v. *Danvers,* 6 Pick. 98.

2. The act of Lyford, in altering the list at the clerk's office, was unauthorized. The listers had then no power over the list; for not only had the thirty days passed, allowed for a hearing before the listers, but such hearing had been had, and an appeal taken to the selectmen. Acts of 1841, p. 14–16, sec. 17, 23. If no power existed to make such alteration, or if the listers, in "revising and correcting errors" at the meeting in September, adjudged, that there was error in the list, so erased, or, deeming the erasure a nullity, disregarded it entirely, it became their duty to make it right,—especially as the law requires them to make oath to the correctness of the list. What, then, is the *gist* of the plaintiff's complaint? Is it, that the list was altered, and that he therefore abandoned his appeal? But that was his own act and neglect. He was bound to know, that it was an excess of authority,—and, if not so, that the *same authority* could replace the assessment vacated. But it is sufficient for the purposes of the defendants, that no such complaint is made in the declaration.

The opinion of the court was delivered by

Davis, J. No question is made, in the present case, but that this action would lie against two of the board of listers, for any acts of omission or commission by them, which would furnish a ground of action, when omitted or done by all. Where, as in this instance, the board consists of but three, the acts of a major part have the same validity, as if done by all. If these defendants, without the concurrence of Lyford, the other member, have, under color of their office, done any act, which, if done by all, would subject them to damages, they must be held responsible, if the matter be alleged in proper and legal form.

The declaration charges, that the defendants wrongfully assessed the plaintiff, in the list of 1845 for the town of Cabot, in the sum of $1200 for money on hand and debts due, well knowing, that he was not liable to be so assessed. By section thirteen of the statute of 1841 the listers are required on or immediately after the first of

April in each year to take the list of all persons liable to be taxed; and it is made the duty of such persons, on demand, or within ten days thereafter, to exhibit the amount of their personal property liable to taxation, and the amount of debts due from them, so far as they may choose to disclose,—on neglect of which, or in case the listers are dissatisfied with the exhibition made, they are required to assess such persons in such sum, as they think just and reasonable.   This power of assessment seems to be general, applying to every species of taxable personal property.   The third section defines what property shall be deemed personal property, within the meaning of the statute, among which are enumerated *money, debts due* from solvent debtors, money loaned on mortgage, &c.   The fourteenth section requires listers, on or before the 10th of June, to make up their list, comprising, every fifth year, a valuation of all real estate, and every year an assessment of personal property.   It prescribes the manner of arranging the several descriptions of property in separate columns,—the fifth containing the full value of all the personal property of each individual, after deducting the just debts owing by him. This list is required to be deposited with the town clerk, on or before the first of July; and thus all persons concerned are supposed to have notice of the amount and description of property, for which they are assessed.

Any person aggrieved may, within thirty days, make application in writing to have his *assessment* reduced, or vacated; and thereupon the listers may examine such person on oath, and hear other testimony, and, having heard the matter, they are to make up the assessment of such person, as, from the evidence, they shall deem just and equitable ; and, so far as the statute of 1841 is concerned, this determination is conclusive.  I have no doubt, this hearing and adjudication may be made after the expiration of the thirty days,— as the whole of that period is allowed for making the application. The statute of the succeeding year furnishes a still farther remedy, in respect to assessments for *money on hand, debts due,* or for *bank or insurance stock,* or for *faculty, or gains,* that is, by an application to the selectmen.  If the aggrieved party can, by his own testimony, on oath, or otherwise, satisfy them that his assessment is too high, they are required, by the 15th day of August, to make a certificate, under their hands, of the sum to which they have reduced the same;

Fuller *v.* Gould et al.

and that sum shall be taken by the listers as the true sum. The person making this application, or *appeal,* is required to give notice to one or more of the listers of the time of hearing. There is, I think, no reason to doubt, but that the selectmen may vacate the assessment altogether, if they think proper; but they have no power to raise it.

Although there is no express provision, that an appeal taken to the selectmen shall operate to suspend the powers of the listers over the subject, it seems reasonable to suppose, that such must be the effect. The act of taking an appeal supposes a definitive adjudication on the part of the board appealed from. If this be so, Lyford, with the assent of Gould, had no authority, at the time, to alter the adjudication already made by the whole board, from which the appeal was taken. The obliteration made on the list would be a nullity, which would need no correction, except as a mere matter of form. Whether so, or not, we entertain doubts, whether the presence of Lyford alone, at the time the plaintiff expunged the assessment, even though Gould as well as he assented to the act, can be regarded as a valid act of the whole board. To hold thus, after an assessment has been deliberately made and subsequently sanctioned on a full hearing, would occasion much confusion and embarrassment.

But even if this act of vacation were to be deemed valid and regular for the time being, inasmuch as the selectmen took no action in the matter of the appeal to them, and made no certificate as a guide to the listers, it would seem, that it was competent for the listers, under the authority given in the eighteenth section, to treat the act of Lyford as an error, and restore the assessment, as it stood originally. This was done in September, and the correction was entered upon the list in the town clerk's office, though no other notice was given to the plaintiff. If the plaintiff lost the possible advantage of a more favorable consideration of his case, before a different tribunal, he did so by his own voluntary act, in neglecting to prosecute the matter before the selectmen. The matter was, by his own consent, in the same predicament, as if no appeal had been taken. The original power and authority of the listers was restored, as if no suspension had intervened.

But, besides this, we are all satisfied, that, on another ground, there must be judgment for the defendants. Listers, though not

82

judicial officers, and though the duties required of them in many respects are ministerial, still in others, and especially in the particular matter now under consideration, act upon their best discretion and judgment; and when they have jurisdiction of the person and the subject matter, they are not responsible for any illegality, or error of judgment, into which they may have fallen. The plaintiff was a tax payer in the town of Cabot, and the defendants, with their associate Lyford, had the legal power to assess the plaintiff for such money, debts, and other personal property, as he possessed. There is, of course, no want of jurisdiction over the person, or subject. The complaint is, that the plaintiff was wrongfully and illegally assessed with $1200 for money on hand and debts due, contrary to the truth of the case, the defendants well knowing that he had no such property subject to taxation. There are no allegations of facts in the declaration, and none appear in the record, to show, that, if in fact injustice was done to the plaintiff, it was other than an error of judgment on the part of the defendants; and for such error it is very clear, that no action can be sustained against them. All authorities seem to be agreed in this.

In the case of *Wilson* v. *The Mayor, Aldermen, &c., of N. York,* 1 Denio 596, BEARDSLEY, J., lays down the law, in respect to violations of duty purely judicial, on the part of public officers of every description, in the following terms, viz., " No action lies, in any case, for misconduct or delinquency, however gross, in the performance of judicial duties. Although the officer may not in strictness be a judge, still, if his powers are discretionary, to be exerted or withheld, according to his own view of what is necessary and proper, they are in their nature judicial, and he is exempt from all responsibility, by action, for the motives which influence him, and the manner in which such duties are performed. If corrupt he may be impeached, or indicted, but the law will not tolerate an *action* to redress the individual wrong which may have been done." The defendants in that case were charged with carelessness and neglect of duty in raising and grading a street, on which the plaintiff owned property, so as to turn the water upon her premises, &c. We are doubtless to take it for granted, that the learned Judge presupposed, that the officers adverted to were acting within the scope of their legitimate authority; and even then it must be admitted, that re-

Fuller *v*. Gould et al.

spectable authorities require the further qualification, that they must appear to have acted without motive, or corruption. *Muse* v. *Vidal*, 6 Mumf. 27. *Kennedy* v. *Terrill*, Hardin 490. *Reinbert* v. *Kelley*, Harper 65. *Walker* v. *Cochran*, 8 N. H. 166. *Neighbor* v. *Trimmer*, 1 Harr. 58. *Temple* v. *Mead*, 4 Vt. 535. *Blanchard* v. *Stearns et al.*, 5 Met. 298. *Dillingham* v. *Snow et al.*, 5 Mass. 547. *Br. Cast Plate Manufs.* v. *Meredith et al.*, 4 T. R. 794. *Ingle* v. *Bosworth et al.*, 5 Pick. 498. *Henry* v. *Edson*, 2 Vt. 499.

With the qualifications to which I have adverted, there is no ground for saying, that the plaintiff has made a case authorizing a recovery. It was urged in argument, that the defendants, by first erasing the assessment, and afterwards restoring it, threw the plaintiff off his guard and prevented his following up his appeal to the selectmen, and perhaps obtaining a remedy from that body. Nothing of this kind is averred in the declaration, as a ground of action. No other matter is there insisted upon as wrongful, except the over-assessment; no allusion is made to the erasure, the appeal, the non-attendance before the selectmen, or the restoration. Together, or separately, therefore, evidence in support of them was inadmissible, as affording a distinct cause of action.

The judgment of the county court must therefore be affirmed.