#### AUGUST TERM, 1850.

[Continued from Vol. 22, page 560.]

The opinion was delivered at the special Session at MONTPELIER, Sept. Term, 1851.

---

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, ⎫
HON. MILO L. BENNETT,  ⎬ ASSISTANT JUDGES.
HON. LUKE P. POLAND,   ⎭

---

E. & T. FAIRBANKS & CO. *v.* MOSES KITTREDGE AND CHAS. STARKS.

*Listers — When their acts are judicial, and when ministerial. Property to be set in School Districts, &c. Act of 1847, ministerial.*

The appraisals and assessments which Listers are commissioned to make, (as also, whenever it is the evident intention of the law that they shall act solely upon their own judgment and discretion,) are of a judicial character, and they incur no personal responsibility, when not actuated by malice.

XXIV.    2

But in regard to the other duties enjoined upon the Listers, their acts, for the most part, if not universally, are ministerial.

The duty of the Listers under the Act of 1847, Sec. 1, to " set in the list the appraised value of all real and personal estate in each school district severally," was in its character wholly ministerial.

And where the members of a firm carried on business in school district No. 1, and their personal property, on the first day of April, 1848, was in said district, except such as they had sent abroad for sale; it was held, that the Statute does not authorize an ideal separation of their joint property, so as to set a portion of the property in school district No. 2, where one of the partners resided, but the property should be designated as being in school district No. 1, where a portion was actually situated, — where the partnership business was carried on, and where a majority of the partners resided.

And if the firm suffer any injury and damage from the Listers setting their property or a part thereof in some other school district, they will be liable, and the firm can sustain an action against them.

TRESPASS ON THE CASE.  This was an action  against the defendants, as listers. for the  town  of  St. Johnsbury, for the  year 1848.

The defendants pleaded the general issue, which by agreement was tried by the court.  Upon  the trial, the following facts appeared in evidence, and were found by the court.  On the first day of April, 1848, and for several years previous thereto, the plaintiffs were partners carrying on an extensive business, in the manufacture of scales, plows, &c.  All of said firm except Joseph P. Fairbanks, resided on the first day of April, 1848, in school district No. 1, in St. Johnsbury, where also were situated all the factories, furnaces and other buildings, in which the plaintiffs business was carried on, and also their store, and counting-room.  On the first day of April, 1848, and for some time previous, Joseph P. Fairbanks resided in school district No. 2, in St. Johnsbury.

The defendants, and one other, were duly elected listers of St. Johnsbury, in March, 1848, and performed the duties of listers for that year, but the list was signed and sworn to by these defendants only.  The real estate of the plaintiffs was set in the list at the sum of $23,570 ; of this sum, $1,040, was situated in school district No. 2, and the remainder in other districts in the town, and was so designated by the listers.

The personal estate of the plaintiffs was appraised at $40,000,

Fairbanks & Co. *v.* Kittredge et al.

three-fourths of which was set in the list, by the listers in district No. 1, and one-fourth in district No. 2,—making the whole amount of the plaintiffs list which was set in district No. 2, $110,40.

The plaintiffs had no personal property situated in fact, in district No. 2, but a portion of their personal property was at their works in district No. 1, and the remainder was situated in different places in this State, and deposited in various places in the United States, and some even out of the United States, in Canada and Cuba.

It also appeared, that on the fifth day of July, 1849, a tax of $125, was voted on the list in district No. 2, being 12 per cent. on the list, for the purpose of grading and fencing around the school-house, which tax was duly assessed by the committee of said district, and the plaintiffs tax amounted to the sum of $13,24, which they refused to pay, except the sum which was raised on the plaintiffs real estate, which was situated in district No. 2. A rate--bill and warrant was duly made, and issued thereon, and the prop-- erty of Joseph P. Fairbanks was taken and sold by the collector to pay the same. The sum so paid by the said Joseph P. Fair-banks for this tax and costs, was subsequently paid by the plaintiffs to the said Joseph P. Fairbanks, before the commencement of this suit.

It also appeared that a tax was voted in district No. 1, in 1849, and a tax bill was made out thereon, in which the plaintiffs were assessed upon so much of their list as was designated by the listers as belonging to district No. 1, which tax amounted to $69,90. Said tax bill was afterwards amended, by adding the sum of $100, of grand list, which had been so designated by the listers as belonging to district No. 2, for the plaintiffs personal property, on which a further tax of $14, was made up against the plaintiffs, which was voluntarily paid by them. The tax so voted in district No. 1, was at the rate of 14 cents on the dollar of the grand list.

Upon the foregoing facts, the county court, June Term, 1850, rendered judgment in favor of the defendants.

EXCEPTIONS by the plaintiffs.

*S. W. Slade, and Bartlett & Bingham* for plaintiffs.

The Listers have no discretion, they are required to specify the estate, with the value which they have put upon it, in the list,

which is situated in each district, and which the law has made subject to taxes in each district; this duty or act of the listers is purely ministerial. The liability of listers for such acts has been fully settled in this State; *Henry* v. *Edson et al.*, 2 Vt. 499. *Cong. Society of Poultney* v. *Ashley et al.*, 10 Vt. 241. *Kellogg* v. *Higgins et al.*, 11 Vt. 240. *Howard* v. *Shumway et al.*, 13 Vt. 358. *Fuller* v. *Gould et al.*, 20 Vt. 643.

If persons having a limited authority, do any act beyond the scope of their authority, they make themselves trespassers. *Blood* v. *Sayre*, 17 Vt. 609.

*E. Paddock* for defendants.

Although the listers *may* have done wrong in designating the $10,000 of Joseph P. Fairbanks' property as situated in district No. 2, yet no action lies against them for it, especially if the listers acted in good faith, exercising the best of their judgment, within the scope of their authority. Listers in taking a schedule of property, act ministerially, but in putting a value upon such property, and in designating the situation of personal property in the several school districts, they act judicially, and no action lies against them for error, any more than it would against a court of law, which should judge erroneously. It was so adjudged in the case of *Fuller* v. *Gould et al.*, 20 Vt. 643.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass on the case, brought against the defendants as listers of the town of St. Johnsbury, for the year 1848. The defendants were charged with having wrongfully divided the plaintiffs' list of personal property, designating a fourth part of the property as being in school district No. 2, when it should all have been designated as in district No. 1.

It is made a point of defense, that the duty of the defendants, in reference to the matter complained of, was of a judicial character; and that they are consequently shielded from personal liability, though they may have acted in a manner not warranted by law. There is no doubt, that in many things the acts of listers so far partake of that character, that they will incur no personal responsibility when not actuated by malice. This may generally be said of the appraisals and assessments which they are commis-

sioned to make, as also, wherever it is the evident intention of the law, that they shall act solely upon their own judgment and discretion. *Fuller* v. *Gould et al.*, 20 Vt. 643. But in regard to the other duties enjoined upon listers, their acts for the most part, if not universally, are ministerial. And this is so, whether the legal requirement is plain and obvious, or in some degree doubtful and obscure; for they are not a board for the construction of statutes. Of this the case of *Kellogg* v. *Higgins et al.*, 11 Vt. 240, furnishes strong evidence by analogy; though it related to the acts of selectmen. We are satisfied that the duty of the defendants, under the act of A. D. 1847, Sec. 1, to "set in the list the appraised value of all real and personal estate in each district, severally," was in its character wholly ministerial. Now it is well settled, that if the list is made up and authenticated in regular form, it will protect the proper officers in the assessment and collection of taxes upon it. And hence, to prevent a failure of justice, the listers must be held liable for the consequences of illegal acts committed in the course of their proceedings. *Henry* v. *Edson et al.*, 2 Vt. 499. *Howard* v. *Shumway et al.*, 13 Vt. 358.

The next inquiry is, whether any personal estate of the plaintiffs' could legally be set in the list as being in school district No. 2. It appears from the case that no part of their personal property was kept in that district, but that all which had not been sent abroad was in district No. 1. The only ground for supposing that any portion could rightfully be designated as being in the other district, where one of the partners lived, must therefore be sought in the well-known principle of common law, in relation to personal estate,—that it is considered as attendant upon the person of the owner, and as having no other *situs* than his domicil or residence. But with us the strictness of that principle is in many cases modified by statutory provisions, which, for purposes of taxation, give distinct locality to moveables. Thus, by the act of A. D. 1841, Sec. 12, partners in mercantile or other business, may be jointly assessed by their partnership name, in the town where their business is carried on, for all their personal property employed in the business, whether they reside in the same or different towns. That enactment comprised in its operation the personal property in the plaintiffs' partnership, both at home and abroad. It was all brought within the cognizance and jurisdiction of the defendants

as listers ; a part being present in fact, and the rest constructively present for the purposes of their action. By the act of A. D. 1847, they were required to give it locality, with a view to taxation for school district purposes. They were evidently bound, in conformity with the fact, to treat all the property which was at home on the first day of April, A. D. 1848, as having its location in district No. 1. The words already recited from the first section of the act would appear to admit no other construction. And we consider that the residue should also have been so treated. We discover nothing in the statute to authorize an ideal separation of this joint property ; nor do we think that such a result would be produced by an application of the common law rule, upon which the defendants seem to have relied. It would seem that even that theory, as applied to a partnership in active operation, must sooner refer the *situs* of their personal effects to the *business domicil of the firm,* (if such an expression may be allowed,) than to that of each partner, individually. For in the latter case, it would either suppose a distribution of the effects among the partners, or an independent control by each partner over a portion ; both of which are at variance with all common experience and observation. We therefore conclude, that the whole property should have been designated as being in the district where a portion of it was actually situated, where the partnership business was carried on, and where a majority of the partners resided.

But it is insisted, that if the defendants have incurred a liability, it is not to these plaintiffs, but to Joseph P. Fairbanks alone ; inasmuch as his individual property was distrained and sold to satisfy the tax. To this objection, however, we think the case discloses a satisfactory answer. Had the taking and sale of the property been wrongful, by reason of positive illegality in the tax, he alone could have sustained an action for the trespass or tort. So likewise, had the taking or sale been rendered tortious by illegality in the collector's proceedings. In short, any action founded on this seizure and sale, as the immediate cause of action, must have been prosecuted by Joseph P. Fairbanks, as sole plaintiff. But the list made by these defendants became the basis on which the committee and collector of the district were legally authorized to act, and the regularity of their doings is not questioned. Consequently, the seizure and sale of the property were

Fairbanks & Co. *v*. Kittredge et al.

not wrongful, and of themselves, constituted no legal injury. The only remedy, therefore, to which Joseph P. Fairbanks could claim to be entitled, would be an action like the present, founded on the illegal act of the defendants in dividing the partnership list. But it would seem, that if any injury resulted from that act, it must be an injury to the partners collectively, and not simply to any one member of the firm. And that such was in fact the case, provided any injury has been occasioned, is sufficiently manifest. Each partner being holden by express statute for the whole of a joint tax against his firm, it follows that if one partner satisfies such a tax, whether by voluntary payment, or by collection legally enforced against him, the firm become at once bound to reimburse him. He has paid their debt in obedience to the law. The reimbursement of Joseph P. Fairbanks, by the plaintiffs, is not, therefore, to be deemed an officious and merely voluntary act, but as the performance of a legal obligation. And the injury, if any, for which they have brought their action, thus became consummated as an injury to them. We have no occasion to inquire whether Joseph P. Fairbanks could have sued alone before he was reimbursed; since we are satisfied that he could not after.

It remains to inquire, whether the case shows any such evident damage and injury to have occurred to the plaintiffs, as necessarily to render the judgment against them in the court below, erroneous. No complaint is made as to the aggregate sum at which the personal estate of the plaintiffs was set in the list, but only that a portion of it was subjected to taxation in the wrong school district. And the case furnishes no test by which to determine whether any injury to the plaintiffs was thereby produced, except the comparative rate of taxation in the two districts. But that was a trifle less in district No. 2, than in No. 1. It would seem, therefore, that the plaintiffs rather gained than lost, by the wrongful location which the listers assigned to the ten thousand dollars of personal property. It appears, indeed, that, after the two districts had voted their respective taxes, and the sum set to the plaintiffs in the second district, was added to the amount standing against them in the first; and that they voluntarily paid a tax upon it in that district. But as that proceeding was not shown to have been authorized or sanctioned by any competent authority, we think it was entitled to no influence in the

trial. On the whole, we see nothing in the case which imperatively required the county court to find that the plaintiffs had sustained any injury. And hence, although the other questions involved in the case are now determined in favor of the plaintiffs, the judgment below must be affirmed.